
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN STEVEN SIMON,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF PHOENIX; et al.,<br><br>         Defendants,<br><br>  And<br><br>BORQUEZ, City of Phoenix Police Officer, Badge # 8790; et al.,<br><br>         Defendants - Appellees. | No. 13-15308<br><br>D.C. No. 2:09-cv-00701-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John Steven Simon appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal as a sanction, *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing Simon's action as a sanction after Simon failed to respond timely or properly to defendants' discovery request, despite being warned that failure to do so could result in dismissal of his action. *See id.* at 433 (setting forth factors for a district court to consider in determining whether to dismiss as a sanction, and noting that dismissal is authorized "where the violation is due to willfulness, bad faith, or fault of the [plaintiff]" (citation and internal quotation marks omitted)).

Contrary to Simon's contentions, the district court did not abuse its discretion by quashing Simon's notices of depositions or denying Simon's motions to compel, because Simon failed to comply with the Federal Rules of Civil Procedure and the district court's scheduling order. *See* Fed. R. Civ. P. 31; *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting the district court's broad discretion in discovery matters and discussing "substantial prejudice" requirement for reversal).

13-15308

We reject as without merit Simon's contentions that the district court was biased against him and erroneously ignored a written deposition, and that defendants did not answer the complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**